UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANTON RICHARDSON, et al., <br> Plaintiffs, <br> v. <br> SAN JOSE POLICE DEPARTMENT, et al., <br> Defendants. | Case No. 17-cv-07247-JD <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff presents several allegations of excessive force by police officers. An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95; *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). The Fourth Amendment reasonableness standard also applies to allegations of the use of excessive force against an arrestee while detained in custody post-arrest but pre-arraignment. *See Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996); *cf. Graham* at 395 n.10 (post-arraignment pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment).

The Fourth Amendment reasonableness analysis applies to any arrest situation where force is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog. *See, e.g.*, *Mendoza v. Block*, 27 F.3d 1357, 1362-63 (9th Cir. 1994) (deputies' use of police dog to find suspect and secure him until handcuffed analyzed under reasonableness standard). This analysis also applies where there has not been a formal arrest, but there has been a "seizure" within the meaning of the Fourth Amendment, i.e., the suspect reasonably believes he is not free to leave.

*Robinson v. Solano*, 278 F.3d 1007, 1013-14 (9th Cir. 2002) (en banc) (applying reasonableness analysis to suspect detained at gunpoint, handcuffed and placed in squad car).

Federal Rule Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" *Id.*

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*. at 607.

Plaintiff states that he was beaten and tased by police officers on June 15, 2017, and then taken to the hospital with injuries. He alleges that police officers also beat him in June 2016 and released a police a dog that assaulted him. He also describes being assaulted by police in May 2016 and in 2011. Plaintiff provides very little detail surrounding each incident and he has failed to identify any specific defendants and their actions.

Plaintiff has presented allegations involving several independent incidents, some of which were many years apart. The complaint is dismissed with leave to amend to focus on one individual incident. Plaintiff may pursue the other incidents in separate actions. Plaintiff must also identify the specific defendants and describe how they violated his constitutional rights. Plaintiff should also provide more information surrounding the incident and if he was arrested and prosecuted and if it relates to his current incarceration. Plaintiff has also identified his mother,

Leslie Dartt, as a second plaintiff, though it is not clear how she was involved in the allegations of the complaint and she has not signed the complaint. Leslie Dartt is dismissed from this action and she may file a separate and independent action. Plaintiff will be provided extra civil rights forms to commence actions with respect to the separate incidents if he wishes.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. Leslie Dartt is **DISMISSED** as plaintiff in this action. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. The Clerk shall **SEND** plaintiff a blank civil rights form and in forma pauperis application.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 26, 2018

_____
JAMES DONATO
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANTON RICHARDSON, et al., Plaintiffs, v. SAN JOSE POLICE DEPARTMENT, et al., Defendants. | Case No. 17-cv-07247-JD **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason Anton Richardson ID: DRK 050
885 N. San Pedro Street
San Jose, CA 95110

Leslie Dartt
149 West 12th Street
Eugene, OR 97401

Dated: June 26, 2018

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5